UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GULF COAST BANK AND TRUST
COMPANY, ET AL.**

**VERSUS**

**GREAT LAKES INSURANCE SE**

CIVIL ACTION

NO.: 23-1444-JWD-RLB

### RULING ON DEFENDANT GREAT LAKES INSURANCE SE'S DAUBERT MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF DR. JERRY HOUSEHOLDER

Before the Court *is Defendant Great Lakes Insurance SE's Daubert Motion to Exclude the Report and Testimony of Dr. Jerry Householder* brought by defendant Great Lakes Insurance SE ("Great Lakes" or "Defendant") (Doc. 19) ("Motion"). It is opposed by plaintiff BRH Consultants, Inc. ("BRH" of "Plaintiff"). (Doc. 27.) Great Lakes filed a reply. (Doc. 29.) Oral argument is not necessary. Trial is set for June 16, 2025. The Court has carefully considered the law, facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, the Motion is denied.

**I.    BACKGROUND**

Great Lakes issued a policy of insurance ("Policy") to Gulf Coast Bank and Trust ("Gulf Coast") covering certain buildings owned by BRH located at 7272 Burbank Drive (the "property"). (Doc. 14 at 1.) These buildings are known as the Burbank Landing Apartments. (Doc. 27-3 at 1.) BRH[1] alleges that on August 29, 2021, Hurricane Ida damaged Buildings 1 and 2 of the property and on September 9, 2021, a claim for damages resulting from the storm was made against the policy. (Doc. 14 at 1.) Great Lakes paid certain sums under the Policy but Plaintiff claims these

---

[1] Gulf Coast, the mortgagee of the property, assigned its claim against Great Lakes to BRH. (Doc. 14 at 2.) Out of an abundance of caution, both BRH and Gulf Coast filed the present suit against Great Lakes (*id.*) but BRH is the only party opposing this Motion.

payments "were totally inadequate to pay the covered damage" to the property. (*Id*. at 2.) Great Lakes alleges it has paid all sums due and that the damages claimed were not caused by Hurricane Ida and fall outside the scope of coverage of the Policy. (*Id*. at 3.)

In support of Plaintiff's claim, BRH submitted the expert report of Dr. Jerry Householder ("Householder") who is described by BRH as "an accomplished engineer, construction professional, professor, author and expert." (Doc. 27 at 3.) Defendant does not contest Householder's qualifications; indeed, Great Lakes concedes he is "unquestionably an expert in construction[.]" (Doc. 29 at 2.) This Court's independent review of Householder's qualifications shows him to be eminently qualified to render the opinions offered in this matter. (Doc. 27-2 at 1-11.)

## II. SUMMARY OF GREAT LAKES' OBJECTIONS TO HOUSEHOLDER'S OPINIONS

A. Great Lakes moves to exclude Householder as an expert in this case for the following reasons:

1. Householder "did not verify the estimates [provided by the BRH's owner] that are the sole basis for his 'opinions' . . ." (Doc. 19-1 at 1.)

2. Householder's "report lacks crucial information concerning what methodology, if any, he used to produce those estimates." (*Id*.)

3. Householder "failed to explain how his expertise allowed him to arrive at his opinions." (*Id*.)

4. Householder relied on "insufficient data or information (namely, the erroneous information provided by BRH)." (Doc. 19-1 at 7; *see also id*. at 8–11.)

5. Householder's opinions "lack[ ] a principled methodology and ha[ve] not been reliably applied to the facts of this case." (*Id*. at 11; see also *id*. at 11–14.)

6. Householder's report is deficient under Federal Rule of Civil Procedure 26(a)(2)(B). (*Id*. at 14-17; Doc. 29 at 2–3.)

2

7. Householder's opinions are riddled with inconsistent information and incorrect calculations. (*See e.g.,* Doc. 19-1 at 11–13.)

B. BRH responds as follows:

1. Householder is qualified and his testimony is relevant. (Doc. 27 at 3.) These two points are not disputed by Great Lakes.

2. Householder has a sufficient factual foundation for the opinions he gives because:

    a. He had "knowledge of the pre-Ida condition of the buildings . . . ." (*Id.* at 3 (citation omitted).)

    b. He reviewed "hundreds of detailed photographs of the buildings" and reports from other adjusters and inspectors who had inspected the property. (*Id.* at 3–4.)

    c. He interviewed the owner of the property regarding its pre-Ida condition. (*Id.*)

    d. He reviewed the deposition of an inspector (Orphey) regarding water intrusion into the property. (*Id.*)

    e. He reviewed the damage summary and repair estimate prepared by the property's owner, "who is himself a construction professional" and the owner of a construction company. (*Id.* at 4.)

    f. He reviewed and analyzed (and criticized) the opinions of Defendant's expert, and Householder's views were explored by Defendant in Householder's deposition. (*Id.* at 5.)

    g. Householder's bases for his causation opinion are set out in his Declaration. (*Id.* at 6.)

    h. While he admitted that he did not have the necessary data to make a precise mathematical calculation regarding wind forces, such "precision is not necessary for him to have the foundation to conclude that, more likely than not, the effects and impact of Hurricane Ida were sufficient to cause the observed effects reported by [the owner] and depicted in the photographs . . . ." (*Id.* at 7-8.)

3

    C. Great Lakes' Reply responds to BRH's arguments as follows:

1. Householder did not "verify" the data provided to him by his client, the owner, and others and his opinion is, therefore, "an unreliable restatement of the unsubstantiated claims of BRH." (Doc. 29 at 1.)

2. Householder's report mentions nothing about causation, only an "understanding" about what occurred. (*Id.* at 2.) (*see also* Doc. 19-1 at 17.)

3. Householder's 2-page report is "wholly deficient" under Rule 26(a)(2)(B) (Doc. Doc. 29 at 2) in that it provides no analysis as to causation (*id.*) and little information as to the basis for his opinions or methodology (*id.*).

4. Defendant repeats that Householder never examined the property and highlights inconsistencies and weaknesses in his testimony. (*Id.* at 3.)

**III.     STANDARD**

The principles utilized by the Court in evaluating Defendant's Motion and Plaintiff's response was set out in a Notice given to the parties on February 3, 2025. (Doc. 36.) It is included in this ruling by reference and therefore will not be repeated here.

**IV.     DISCUSSION**

    A. Rule 26(a)(B)(2) Deficiencies

Great Lakes complains that Householder's 2-page report is "wholly devoid of any analysis linking the facts of this case to his conclusory opinions." (Doc. 19-1 at 15.) The Court disagrees. It is true that the report is short but it is clear from context that Householder used his extensive education and experience (including writing eight books on construction – *see report*, Doc. 19-3 at 1) along with his review of the photographs and reports mentioned at pages 1 and 2 of his report to reach his conclusion that the cost estimates listed on page two of the report "are reasonable." (Doc. 19-3 at 3.)

Such a methodology is sufficient. The Supreme Court in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148–149, 156 (1999), and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S.

4

579, 592 (1993), endorsed expert testimony based on personal observation and experience. *See also, LeBlanc v. Chevron USA, Inc.*, 396 F. App'x. 94, 100 (5th Cir. 2010) (per curiam) (unpublished). Additionally, the 2000 Advisory Committee Notes to Rule 702 state, "the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience[]" which may be the "predominant, if not sole, basis for a great deal of reliable expert testimony." Fed. R. Evid. 702 advisory committee's note to 2000 amendment.

Furthermore, Householder expanded on his report in his extensive deposition (Docs. 19-4, 27-11, and 30-5) and in a subsequent Declaration (Doc. 27-1). In determining a party's compliance with Rule 26, the Court may consider the information gathered in the deposition taken after the report which supplements or explains more fully the information conveyed in the report. *Jones v. Blue Cross Blue Shield of Louisiana*, No. 16-CV-340-JWD-RLB, 2018 WL 585543, at *5 (M.D. La. Jan. 29, 2018) (deGravelles, J.) ("While Bernhardt's report is bare bones, to say the least, when viewed together with her deposition, the methodology and analysis used by Bernhardt to reach her conclusions can be ascertained.") (collecting cases at n.2.)

To the extent that Great Lakes feels it was surprised by any new information in Householder's Declaration (which came after his deposition), the Court will allow for a follow up deposition of Householder limited to matters raised for the first time in his Declaration, if there are any.

In conclusion, the Court finds that the original report, especially when supplemented and clarified by Householder's extensive deposition and his Declaration, meets the criteria of Rule 26(a)(2)(B).

B. Methodology

Great Lakes argues that Householder's "report lacks crucial information concerning what methodology, if any, was used to produce those estimates" and "failed to explain how his expertise allowed him to arrive at his opinions." (Doc. 19-1 at 1.) The Court again disagrees. Householder explains in his report that he "inspected the project on more than one occasion and reviewed numerous photographs" and reports which he itemized. (Doc. 19-3 at 1.) He took the estimates provided to him the owner of the property's construction company and, utilizing the above foundation with his own extensive background in construction and construction costs, found the owner's estimates to be "reasonable". (Doc. 19-3 at 1–3.)

Furthermore, Householder was questioned extensively at his deposition and, in addition, submitted a clarifying Declaration, all as detailed above. Especially when considering all three, as this Court is entitled to do, *Jones*, 2018 WL 585543, at \*5, the Court believes Householder's methodology of applying his experience and professional training to the reasonableness of the costs items is a sufficient methodology. Again, "an expert may be qualified on the basis of experience[]" which may be the "predominant, if not sole, basis for a great deal of reliable expert testimony." Fed. R. Evid. 702 advisory committee's note to 2000 amendment.

Great Lakes complains that Householder "did not inspect the [p]roperty, nor did he perform an independent analysis of the damage to the [p]roperty". (Doc. 19-1 at 5; Doc. 29 at 3.) Instead, he relied on information provided by owner and others (Doc. 19-1 at 5–6, 10) and did not "verify" the estimates (*id.* at 1). But this Court and others have held that physical inspection of the property by the testifying expert is not required in order for an expert to opine on the subject property as long as he was provided with underlying data sufficient to provide a basis for his opinions. *Smiley v. New Hampshire Ins. Co.*, No. 17-CV-1094-JWD-EWD, 2021 WL 292449, at \*12 (M.D. La. Jan.

6

28, 2021) (deGravelles, J.) (citing *AIG Eur. LTD. v. Caterpillar Inc.*, No. 1:17-CV-319, 2019 WL 8806217, at *10 (E.D. Tex. Oct. 3, 2019), *aff'd*, 831 F. App'x 111 (5th Cir. 2020) ("an expert does not need to rely on first-hand observation in order to form reliable opinions." (quoting *Salinas v. State Farm Fire & Cas. Co.*, No. CIV.A. B-10-194, 2012 WL 5187996, at *6 (S.D. Tex. Feb. 23, 2012)); *see also Anderson v. Allstate Ins. Co.,* 2021 WL 292440, at *12 (M.D. La. Jan. 28, 2021) (deGravelles, J.).)

Furthermore, there is nothing improper about an expert of this kind relying on data generated by another.

> For both the underlying data concerning the damages to the homes as well as the costs of repair, Tompkins' report relies on information provided by third parties. An expert can rely upon otherwise inadmissible evidence as long as it is of a type "reasonably relied upon by experts in the particular field." Fed. R. Evid. 703 advisory committee's notes to 2000 amendment; *see also Monsanto Co. v. David*, 516 F.3d 1009, 1015–1016 (5th Cir. 2008) (finding that expert could rely upon a report prepared by someone else). The modern view recognizes that experts often rely on facts and data supplied by third parties. *See Gussack Realty Co. v. Xerox Co*., 224 F.3d 85, 94 (2d. Cir. 2000). The term "data" also is intended to encompass the reliable opinions of other experts. Fed. R. Evid. 702 advisory committee notes to 2000 amendments; *see also Mason v. Safeco Ins. Co*., No. 09-1081, 2010 WL 3341582, at *8 (E.D. Mo. Aug. 23, 2010) ("[a]n expert may rely on the reliable opinion of another expert in forming his own opinions"); *Trinity Med. Servs., L.L.C. v. Merge Healthcare Sols., Inc*., No. 17-592, 2020 WL 1309892, at *9 (M.D. La. Mar. 19, 2020) (deGravelles, J.) (approving the use by business loss expert of data provided by a third party); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Smith Tank & Steel, Inc*., No. 11-830, 2014 WL 5794952 at *4 (M.D. La. Nov. 6, 2014) (deGravelles, J.).

*Smiley*, 2021 WL 292449, at *11.

Regarding Great Lakes' argument that Householder was required to verify the data provided by his client and not rely on its accuracy for purposes of his expert testimony, this Court and others have rejected such an argument. *Trinity Med. Servs.*, 2020 WL 1309892, at *6 (refusing to exclude expert's opinion based on the expert's "failure independently to verify the data and

opinions, i.e. his *blind* reliance on the data and opinions provided by" the expert's client.) (cleaned up).

> [E]xperts are not prohibited from relying on assumptions when reaching their opinions. *Barnes v. Commerce & Industry Insurance Company*, No. 11-0041, 2013 WL 6145309 at *2, (W.D. La. Nov. 21, 2013) (citing *Daubert*, 509 U.S. at 589; *Kuhmo Tire*, 526 U.S. at 153–54; *Nova Consulting Grp., Inc. v. End'g Consulting Servs., Ltd.*, 290 Fed.Appx. 727, 732–33 (5th Cir. 2008)(holding that an expert's opinion was not rendered unreliable merely because he made a number of assumptions)). Indeed, experts frequently make assumptions upon which their opinions rest. "As a general rule, questions related to the bases and sources of an expert's opinions affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.3 Acres of Land More Or Less Situated in Lefore County, Ms.,* 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)); see also *Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 392-93 (5th Cir. 2002) (holding that a party's objection that the expert's self-created database was unreliable did not affect admissibility)); *Naquin v. Elevating Boats, LLC*, No. 10-4320, 2012 WL 1664257, at *4 (E.D. La. May 11, 2012); *St Joseph Abbey v. Castille*, No. 10-2717, 2011 WL 2182046, at *1 (E.D. La. June 3, 2011) ("[]The reliability of data underlying an expert's opinion goes to the weight of this evidence, but should not serve as a basis for its exclusion.") (quoting *Gen. Elec. Capital Bus. Asset Funding Corp. v. S.A.S.E. Military, Ltd.*, No. 03-189, 2004 WL 5495590, at *4 (W.D. Tex. Oct. 21, 2004)); *Imperial Trading Co. v. Travelers Property and Casualty Co. of America*, No. 06-4262, 2009 WL 2356292, *3 (E.D. La. July 28, 2009); *Southwire Co. v. J.P. Morgan Chase & Co.*, 258 F. Supp. 2d 908, 935 (W.D. Wis. 2007) ("the alleged errors and inconsistencies are grounds for impeaching the credibility of the experts and the reliability of their ultimate finding; however, mistakes and miscalculations are not grounds for excluding evidence." (citing *Daubert*, 509 U.S. at 596)).
> The most appropriate place to challenge the assumptions made by an expert is at trial on cross-examination and with countervailing expert testimony.

*Trinity Med. Servs.,* 2020 WL 1309892, at *6–7 (quoting *Nkansah v. Martinez*, No. 15-CV-00646, 2017 WL 2798520 *4 (M.D. La. June 28, 2017).)

Furthermore, in this case, it is evident that Householder did not merely rely on assumptions but, viewing the photographs and reports of others and relying on his pre-Ida inspections of the

8

property and his extensive experience in construction costs, concluded that the estimates provided were reasonable. This is a sufficient methodology.

### C. Sufficiency of Foundation

Great Lakes argues that Householder's opinions lack a sufficient foundation because he "relied on insufficient facts and data," namely, the "limited, inaccurate, undocumented, and/or self-serving, representations of the [p]roperty's owner . . . ." (Doc. 19-1 at 8; *see also* generally, *id*. at 8–11.)

Rule 702(b) requires that expert testimony be 'based upon *sufficient* facts or data.' (emphasis added). "The word 'sufficient' signifies that the expert may properly base her opinion on something less than all the pertinent facts or data." 29 Victor J. Gold, *Federal Practice & Procedure* § 6268 (2d ed. 2020). The 2023 Advisory Committee Notes state the same.

> Some challenges to expert testimony will raise matters of weight rather than admissibility even under the Rule 104(a) standard. For example, if the court finds it more likely than not that an expert has a sufficient basis to support an opinion, the fact that the expert has not read every single study that exists will raise a question of weight and not admissibility. But this does not mean, as certain courts have held, that arguments about the sufficiency of an expert's basis always go to weight and not admissibility. Rather it means that once the court has found it more likely than not that the admissibility requirement has been met, any attack by the opponent will go only to the weight of the evidence.

Fed. R. Evid. 702 advisory committee's note to 2023 amendment.

Here the Court has carefully reviewed Householder's report (specifically Doc. 19-3 at 1–2) where he recites what he reviewed in preparation for giving his opinions) and his Declaration (Doc. 27-1 at 2–3, ¶¶ 5–10 and attachments referenced in those paragraphs) and find that there is a sufficient foundation for Householder's opinions.

But Great Lakes' attack on sufficiency is really an attack on Householder's reliance on what it alleges are the "limited, inaccurate, undocumented, and/or self-serving, representations of

9

the [p]roperty's owner . . . ." (Doc. 19-1 at 8.) "Notwithstanding *Daubert*, the Court remains cognizant that 'the rejection of expert testimony is the exception and not the rule.' " *Johnson v. Samsung Elecs. Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011) (citing Fed. R. Evid. 702 advisory committee's note to 2000 amendment). Further, as explained in *Scordill v. Louisville Ladder Grp., L.L.C.*:

> The Court notes that its role as a gatekeeper does not replace the traditional adversary system and the place of the jury within the system. As the *Daubert* Court noted, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." The Fifth Circuit has added that, in determining the admissibility of expert testimony, a district court must defer to " 'the jury's role as the proper arbiter of disputes between conflicting opinions. *As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.*' "

No. 02-2565, 2003 WL 22427981 at *3 (E.D. La. Oct. 24, 2003) (emphasis added) (internal citations omitted) (relying on, among others, *Rock v. Arkansas*, 483 U.S. 44, 61 (1987), and *United States v. 14.38 Acres of Land, More or Less Sit. In Leflore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996)).

The alleged weaknesses, insufficiencies, inconsistencies, and inaccuracies of Householder's opinions and the data upon which he relied may be tested by the Defendant on cross examination before the jury. These are not grounds for exclusion of Householder's testimony and opinions.

## V.     CONCLUSION

For the foregoing reasons, *Defendant Great Lakes Insurance SE's Daubert Motion to Exclude the Report and Testimony of Dr. Jerry Householder* brought by defendant Great Lakes Insurance SE ("Great Lakes" or "Defendant") (Doc. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion Hearing regarding *Defendant Great Lakes Insurance SE's Daubert Motion to Exclude the Report and Testimony of Dr. Jerry Householder* is **CANCELLED**. The Pretrial Conference remains set for May 7, 2025, at 1:30 p.m. by zoom.

Signed in Baton Rouge, Louisiana, on <u>April 16, 2025</u>.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**